# MADUEGBUNA COOPER LLP

ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

May 22, 2024

**VIA ECF & EMAIL**
The Honorable Andrew L. Carter
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Todd Brown v. N.Y.C. Transit Authority, et al.*
               **Docket No.: 22-cv-2949 (ALC)**

Dear Judge Carter:

Our office represents Plaintiff Todd Brown ("Brown") in this employment lawsuit. We write in response to the pre-motion letter for a motion to dismiss the Second Amended Complaint filed by Defendants New York City Transit Authority ("NYCTA"), Metropolitan Transportation Authority ("MTA"), Sarah E. Feinberg ("Feinberg") and Joseph Nasella ("Nasella"), collectively the "MTA Defendants."[1]

**Introduction**

Contrary to the MTA Defendants' position, the Second Amended Complaint pleads several additional facts in response to the Court's rulings on the motion to dismiss, which are all plausible. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Given the standard on a motion to dismiss in which a discrimination complaint need not allege facts that establish every element of a *prima facie* case of discrimination, the additional allegations in the Second Amended Complaint are more than enough to address the issues raised by the Court in granting in part the earlier motion. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015); *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015).

The MTA Defendants' rehashed arguments are unavailing, and this matter should proceed to discovery without further delay. Defendants' proposed second motion to dismiss will be a waste of judicial resources and should not be allowed.

---

[1] Defendants letter should be rejected. It was untimely filed on May 18 and is five pages long, in violation of Rule 2(A) of Your Honor's Individual Practices. Dkt. # 64.

**The Allegations of the Second Amended Complaint Cured all Deficiencies**

Heeding the Court's concerns in the March 29, 2024, Order (Dkt. #56), the Second Amended Complaint ("SAC") lays out in extreme detail additional facts in support of all claims, pursuant to 42 U.S.C. § 1983 for violation of 42 U.S.C. § 1981, Title VII, and the New York State and City Human Rights Law, in this selective enforcement case.

As for a few examples: The SAC makes clear that Defendants targeted Black Track Inspectors for investigation and discipline while white Track Inspectors responsible for crumbling tracks in Queens, which were widely reported as dangerous and dropping heavy debris, were not similarly investigated and disciplined. (Dkt. # 59, SAC ¶¶ 59-63.) As suggested by the Court (Dkt. #56 at p. 20), the SAC pleads enough facts to establish that Plaintiff's white coworkers were similar to him and the six other coworkers that were investigated by the MTA OIG and later disciplined by the NYCTA. See, Dkt. # 59, SAC ¶ 66 ("The white Track Inspectors and their supervisors performed the same tasks as Plaintiff, work for the same department and were subject to the same tasks and standards of work and discipline, though they worked in different areas.")

The SAC goes further to plead that Defendant Joseph Nasella, with a history of discriminatory behavior and complaints with MTA's EEOD Department, has supervisory authority over employees who supervised Track Inspectors, regardless of work location (*Id.* ¶¶ 38-39) and personally "spoon fed" Brown and other minority Track Inspectors to the Office of the Inspector General ("OIG") for investigation, while their supervisors did not face any discipline (*Id.* ¶¶ 90-91). The SAC also pleads that OIG had a "hard on for certain people" such as Plaintiff, who is Black; that OIG wanted to "get rid of him;" that Nasella is widely known to engage in discriminatory behavior towards Black and minority track inspectors such as Brown; and openly said he stops overtime for minority track inspectors. *Id.* ¶¶85-87, 92-93. The SAC also pleads sufficient facts that plausibly show that the MTA OIG who carried out the investigation was aware of the races of Plaintiff and his six co-workers when it selected which group of workers to investigate. *Id.* ¶¶94-95.

These allegations and more contained in the SAC are sufficient at this stage to allow this case to move into discovery. The allegations are sufficient to show that the selective enforcement and conduct of Defendants were motivated by discriminatory intent and were in retaliation for his complaints of discrimination.

**Conclusion**

We ask therefore that Defendants' proposed motion be discouraged and that this case proceed into discovery.

Respectfully submitted,

Samuel O. Maduegbuna

cc: All Counsel of Record